UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA PIERCE,

        Plaintiff,

v.                                Case No. 21-C-354

CALUMET COUNTY, BRETT J. BOWE,
JULIE HOERNING, BRIAN POST,
JOSEPH TENOR, JORDAN FICKEL, and
DR. MANUEL MENDOZA,

        Defendants.

## DECISION AND ORDER

      Plaintiff Angela Pierce, as a pretrial detainee at the Calumet County Jail (CCJ), was subjected to a body cavity search by a doctor at a local hospital. The search was conducted at the request of CCJ officials who suspected—following a report of an electronic body scan performed on Pierce at the Winnebago County Jail (WCJ)—that she might have contraband hidden in her pelvic region. Pierce filed a lawsuit pursuant to 42 U.S.C. § 1983 against the CCJ officials who authorized the search, the officers who escorted her to the hospital, and Manuel Mendoza, M.D., the doctor who performed the examination, alleging that they violated her constitutional rights when they ordered, facilitated, and subjected her to a warrantless body cavity search. Dkt. No. 1. In particular, Pierce alleged that Defendants violated her Fourth Amendment rights to be free from unreasonable searches and seizures, conspired to deprive her of her Fourth Amendment rights, and failed to intervene to prevent the violation of her Fourth Amendment rights. *Id.* She sought compensatory and punitive damages under § 1983; attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988; and indemnification for the liability of its employees from Calumet County

pursuant to Wis. Stat. § 895.46. *Id.* at 11. Defendants moved for summary judgment. On November 8, 2022, the court granted Defendants' motions and dismissed Pierce's claims with prejudice, holding that the search was lawful. Dkt. No. 66. Judgment was subsequently entered. Dkt. No. 67. This matter comes before the court on Pierce's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). For the following reasons, Pierce's motion will be denied.

A motion for reconsideration under Rule 59(e) serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors, thereby avoiding unnecessary appellate procedures. *See Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Relief under Rule 59(e) is an "extraordinary remedy." *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Consequently, it should only be granted in "rare" cases. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Under Rule 59(e), the movant must "clearly establish" the alleged grounds for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Pierce has not demonstrated that this court made any manifest errors of law or fact. *Rothwell Cotton Co.*, 827 F.2d at 251. She cites no controlling precedent which this court has disregarded, misapplied, or failed to recognize, *Oto*, 224 F.3d at 606, or material facts that would change the court's analysis. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

As to whether the court made manifest legal errors entitling her to relief from the judgment, Pierce argues that the court failed to use the proper standard to assess the search's lawfulness. The basis for the court's decision on summary judgment was straightforward: "Although Pierce has asserted five separate claims against seven defendants, all of her claims rise or fall on a single question: Was the body cavity search conducted by Dr. Mendoza lawful? That is, was the search legally justified and conducted in a reasonable manner?" Dkt. No. 66 at 5. Relying on the Seventh Circuit's recent opinion in *Brown v. Polk County*, 965 F.3d 534 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1304 (2021), the court found that the search was conducted reasonably in terms of its scope, the manner in which it was conducted, and where it was conducted. Pierce makes little attempt to distinguish or undermine *Brown*. In short, Pierce has not clearly established that the court made a manifest error of law entitling her to relief under Rule 59(e).

As to whether the court made manifest factual errors entitling her to relief, Pierce argues that the court improperly accepted (1) Defendants' conclusion that the electronic scans suggested the presence of contraband inside of Pierce and (2) the credibility of Defendants' factual assertions about whether there was a medical need for Pierce to be seen and searched by Dr. Mendoza. In essence, Pierce asserts that the court should alter or amend the judgment because "consideration of the totality of the facts taken in the light most favorable to [her] could lead a reasonable jury to

3

find that Defendants lacked reasonable suspicion" for the search. Pl.'s Reply Br. at 1, Dkt. No. 78.

The material facts relevant to whether the search was lawful are that Pierce was subject to two electronic scans at the WCJ, the results of the electronic scans caused WCJ officials to reject her intake, and Pierce was subsequently taken to a doctor to determine whether there was any contraband inside of her. Those facts are not in dispute. WCJ officials notified CCJ officials that they would not admit Pierce as an inmate in the WCJ because there was something on the scan. Pl.'s Proposed Findings of Fact ¶ 21, Dkt. No. 61. Scans are performed by WCJ staff to determine if an inmate has contraband secreted in a body cavity. The reasonable inference that WCJ and CCJ officials drew from the presence of a shadow on the scan is that there was a foreign object inside Pierce that required further investigation. That is the reason the WCJ rejected her as an inmate.

Pierce suggests that it was improper for CCJ officials to rely upon information provided by WCJ staff. But under the collective-knowledge doctrine, such reliance was reasonable. Under the collective-knowledge doctrine, knowledge on the part of one law enforcement officer who is cooperating in an investigation is presumed shared by all. *Illinois v. Andreas*, 463 U.S. 765, 771 n.5 (1983). "Collective knowledge also applies to information that an officer receives from those with the 'training, responsibility or authority to make a determination of reasonable suspicion.'" *United States v. Eymann*, 962 F.3d 273, 284 (7th Cir. 2020) (quoting *United States v. Colon*, 250 F.3d 130, 137 (2d Cir. 2001)).

As discussed above, these facts provided reasonable suspicion to conduct the search. *See* Dkt. No. 66 at 6–8 (discussing and applying *Brown* to the facts of this case). Pierce has not shown that WCJ officials acted improperly or misled CCJ officials about the results of the scans, nor has

4

she proffered evidence that the body scans themselves were faulty or somehow unreliable. Thus, Pierce has not raised a genuine issue of material fact, which was necessary for her to defeat Defendants' motions for summary judgment. *See Anderson*, 477 U.S. at 248 (stating that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Pierce has not succeeded in clearly establishing that the court made manifest errors of fact entitling her to relief under Rule 59(e).

In sum, Pierce has not carried her burden of showing that the court committed a manifest error of law or fact in granting Defendants' motions for summary judgment. Accordingly, Pierce's motion to alter or amend the judgment pursuant to Rule 59(e) (Dkt. No. 72) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge